UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY M. WALKER,

    Petitioner,

v.                                         CASE NO. 6:02-cv-1128-Orl-19GJK

MICHAEL W. MOORE, et al.,

    Respondents.

## **ORDER**

This case is before the Court upon consideration of the following:

1.    Petitioner's Motion for Leave to File Memorandum of Law in Excess of Page Limit (Doc. No. 38) is **GRANTED**.

2.    Petitioner's Motion to Vacate Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (Doc. No. 36) is **DENIED**. Petitioner initiated the instant habeas corpus proceeding on September 30, 2002, and his amended habeas corpus petition was denied as untimely on May 2, 2003. *See* Docs. No. 1, 18, 27. Since then, Petitioner has moved in the Eleventh Circuit Court of Appeals to file a second or successive habeas corpus petition on several occasions, and the Eleventh Circuit has declined each request. *See* Case Numbers 6:04-mc-47-Orl-22; 6:04-mc-51-Orl-19; 6:04-mc-95-Orl-22; 6:05-mc-5-Orl; 6:05-mc-8-Orl. Almost six years after this Court pronounced judgment in the instant case, Petitioner now files a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b) asserting that he is actually innocent of the crimes with which he was charged, allegations which were not made in Petitioner's original pleadings. For the following reasons, Petitioner is not entitled to relief.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1)-(6). In *Gonzaelz v. Crosby*, 125 S. Ct. 2641, 2648 (2005), the United States Supreme Court discussed the interplay of Rule 60(b) in habeas corpus proceedings and whether such a motion is, in actuality, an impermissible successive habeas petition. The Court held that a Rule 60(b) motion for relief from judgment, which challenges only the District Court's prior ruling that the habeas petition was time-barred, is not the equivalent of a second or successive habeas petition, and may be considered under Rule 60(b).

Here, Petitioner's only ground in support of the Rule 60(b) motion is that he is "actually innocent" of the crimes with which he was charged. As such, he seeks to overcome the untimeliness of his habeas petition by introducing new evidence that establishes his actual innocence. However, because Petitioner failed to argue "actual innocence" in his earlier habeas petition to support equitable tolling of the one-year limitation of 28 U.S.C. § 2244(d), and the Court was not presented with an opportunity to consider such allegations, Petitioner is not attacking the integrity of or challenging this Court's ruling that his habeas petition was time-barred. Rather, Petitioner is attacking the validity of his state court criminal conviction by arguing facts that, if proven, would be sufficient to establish that no reasonable factfinder would have found him guilty. Therefore, the Court more appropriately characterizes Petitioner's Rule 60(b) motion as an impermissible attempt at a second or successive habeas petition. Permitting the Rule 60(b) motion under these circumstances would circumvent the requirement that a second or successive petition may be brought only if the Court of Appeals certifies that it falls within an exception to the prohibition of second or successive petitions in 28 U.S.C. § 2244(b). Even assuming Petitioner's claimed newly

discovered evidence qualifies him to file a second or successive petition under § 2244(b)(2), the proper vehicle for presenting such a claim is not a Rule 60(b) motion, but rather an application to the Eleventh Circuit for permission to file a second or successive habeas petition.

However, assuming Rule 60(b) is the appropriate vehicle by which Petitioner is entitled to seek relief, his motion is nevertheless untimely. Rule 60(b) requires that the motion be made within a reasonable time and provides a specific one-year deadline for asserting three of the most open-ended grounds for relief (mistake, newly discovered evidence, and fraud). *See* Fed. R. Civ. P. 60(c)(1). Although Petitioner does not specify under what provision of Rule 60(b) he is proceeding, it is clear that his motion is subject to the one-year deadline and untimely unless he can establish extraordinary circumstances under Rule 60(b)(6). In *Gonzalez*, the Supreme Court reasoned that the petitioner's lack of diligence in pursuing his statute of limitations argument was a contributing factor in determining whether extraordinary circumstances existed that warranted Rule 60(b)(6) relief. Here, Petitioner's lack of diligence in pursuing his actual innocence argument over the past six years renders this case "all the less extraordinary." *See Turner v. Dragovich*, No. 04-3681, 2006 U.S. App. LEXIS 396 at *9 (3rd Cir. Jan. 5, 2006).

3. Petitioner's Motion for Leave to Amend Original Petition (Doc. No. 37, filed Feb. 17, 2009) is **DENIED**. As noted above, this case was dismissed with prejudice on May 2, 2003. Before Petitioner will be permitted to file a second or successive section 2254 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion.

**DONE AND ORDERED** at Orlando, Florida this   23rd   day of February, 2009.

3

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 2/24
Anthony M. Walker